ORVILLE W. ARMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Arman v. Commissioner
Docket No. 16692-93
United States Tax Court
T.C. Memo 1994-526; 1994 Tax Ct. Memo LEXIS 534; 68 T.C.M. (CCH) 983; October 19, 1994, Filed *534 Decision will be entered for respondent, without taking into consideration the payment made after the mailing of the notice of deficiency. Orville W. Arman, pro se. For respondent: Mark Weiner. NAMEROFF
NAMEROFF
MEMORANDUM OPINION NAMEROFF, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1] Respondent determined a deficiency in petitioner's 1990 Federal income tax in the amount of $ 304, plus a penalty under section 6662(a) in the amount of $ 61. The issues for decision are: (1) Whether petitioner properly reported the amount of taxable pension income he received during 1990; (2) whether there is an overpayment of tax due to petitioner for 1990; and (3) whether petitioner is liable for the penalty under section 6662(a). Some of the facts have been stipulated, and the stipulation *535 of facts and attached exhibits are incorporated herein by this reference. At the time of the filing of the petition herein, petitioner resided in Lebec, California. Petitioner bears the burden of proving respondent's determinations are erroneous. Rule 142(a); . Unreported Pension Income
During 1990, petitioner received pension income in the amount of $ 5,272.80 from PT Thatcher Glass Corp. (hereafter Thatcher Glass). Although petitioner reported the entire pension income on line 11a of his 1990 Form 1040A, he only included $ 3,250 as taxable pension income. However, for 1990, Thatcher Glass issued petitioner a Form W-2P, 1990 Statement for Recipients of Annuities, Pensions, Retired Pay, or IRA Payments, which reflects that the entire amount of pension income paid to petitioner, $ 5,272.80, constituted taxable income, and that $ 303.48 was withheld for Federal income taxes. In the notice of deficiency, respondent determined that the entire amount of pension income received by petitioner from Thatcher Glass constituted taxable income. Petitioner attempted to justify excluding a portion of the pension *536 income by referring to correspondence from one of respondent's Service Center employees. However, as best we can determine, the correspondence referred to the 50-percent exclusion for Social Security payments or Railroad Retirement income, neither of which are involved herein. [2] Accordingly, petitioner has failed to offer any evidence to overcome the presumption of correctness of respondent's determination, and, therefore, we sustain respondent on this issue. Claimed Overpayment
Petitioner contends that he overpaid his Federal income tax liability for 1990 by $ 3,000, without taking into consideration the determination set forth in the notice of deficiency. At trial, petitioner offered into evidence *537 a document entitled "Reconciliation of Credit Elect Carryovers and Estimated Tax Payments" (the transcript) which is a summary of respondent's computer records pertaining to petitioner's tax liability, payments, withholding, and credits for the taxable years 1979 through 1992. As best we can understand from petitioner's rambling testimony, at some date in that period either petitioner did not receive a refund to which he was entitled or a bank improperly issued Forms 1099 for the same income in 2 different years, resulting in an improper assessment (and payment) of tax. How these two possibilities specifically affect the taxable year 1990 has not been explained. For the taxable year 1990, the transcript reflects an initial tax liability of $ 84, (which corresponds to the tax liability shown on petitioner's 1990 return), withholding credits of $ 303, the credit balance of $ 219 applied to 1991 (per instructions in the return), a resultant zero balance, and receipt of an advance payment of tax on July 18, 1993, of $ 431. To the extent that an overpayment results from these facts, respondent concurs. On the other hand, petitioner's return for 1990, in addition to showing the $ 84 *538 tax liability and the withholding of $ 303, claims a payment of $ 871 identified as follows: "B of A check #871 - date 3-23-1991." In addition, the amount of $ 2,136 appears on line 28b, allegedly as 1990 estimated tax paid or credit from the 1989 return. The total of the $ 303, $ 871, and $ 2,136 less the tax liability of $ 84 results in an alleged overpayment of $ 3,226, of which petitioner directed that $226 be credited to his 1991 tax liability. After the trial, the record was left open so as to enable petitioner to present copies of canceled checks and tax documents which would indicate that petitioner did, in fact, make 1990 tax payments totaling $ 3,310. Although petitioner did submit numerous canceled checks and wage and tax statements (Forms W-2) covering all the years set forth in the transcript, which were admitted into evidence and made part of the record, those exhibits merely support the information shown on the transcript. We note that there was no check submitted by petitioner dated March 23, 1991, in the amount of $ 871. However, he did submit a canceled check for $ 871 which was dated March 23, 1990, bearing the notation "for 1989 taxes", and which was applied, *539 according to the transcript, to petitioner's 1989 tax liability. No evidence was submitted in support of the alleged payment of $ 2,136. Accordingly, petitioner has not proven that he made any tax payments other than those already credited to his account. We further note that in our taxing system, each year is to be considered by itself. The fact that a taxpayer may claim (and even be entitled to) an overpayment for one year does not affect the result of a tax case for another year. Each year stands on its own, and a taxpayer must follow proper legal requirements to obtain any claimed overpayment. Moreover, this Court only has jurisdiction over years for which respondent has determined a deficiency and a timely petition is filed in respect of a notice of deficiency. Therefore, we would be without any authority to make a finding as to an overpayment for any year other than 1990. The alleged erroneous acts of respondent and others for taxable years 1979 through 1989 are simply irrelevant to the case before the Court. Section 6662(a)
Section 6662(a) and (b)(1) impose a penalty on any portion of an underpayment which is attributable to negligence or disregard of rules *540 or regulations. The term "negligence" includes any failure to make a reasonable attempt to comply with the Internal Revenue Code, and the term "disregard" includes any careless, reckless, or intentional disregard. Petitioner has the burden of proof on this issue. Rule 142(a). Petitioner has failed to offer any testimony on this issue. Accordingly, we sustain respondent on this issue. To reflect the foregoing, Decision will be entered for respondent, without taking into consideration the payment made after the mailing of the notice of deficiency. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. We note that petitioner did report Social Security benefits in the amount of $ 8,540, but did not include any amount thereof in gross income. Petitioner's reported gross income was $ 6,663. Accordingly, petitioner was correct not to include the Social Security benefits in gross income. See generally sec. 86.↩